UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA ANDERSON, et al.,

                           Plaintiffs,

                                                              <u>DECISION AND ORDER</u>

                                                               13-CV-6315L

                      v.

NVR, INC.,


                           Defendant.
_____

       Plaintiffs, a group of approximately 133 salespersons employed by defendant NVR, Inc. ("NVR"), a home construction company with operations in upstate New York, bring this action against NVR alleging that NVR has failed to pay them overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law. Specifically, plaintiffs claim that during their employment with NVR, they performed non-exempt inside sales work, "virtually always" more than forty hours per week, and that NVR willfully failed to compensate them at the statutory overtime rate of one-and-one-half times the regular rate. (Dkt. #1, Exh. A (Complaint) at ¶¶11-16).

       Plaintiffs and their claims are not unknown to this Court. This appears to be the next chapter of a prolonged effort to obtain relief. All of the plaintiffs in the instant case were among the "opt-in" plaintiffs in the related matter of *Tracy v. NVR*, 04-CV-6541. Commenced in 2004, *Tracy* presented claims for overtime compensation by and on behalf of Ryan Homes Sales and Marketing Representatives ("SMRs") employed by NVR. In sum, the Tracy plaintiff challenged NVR's classification of its SMRs as exempt "outside salespersons" for FLSA purposes. In June 2007, the

Court conditionally certified *Tracy* as an FLSA collective action, after which approximately 150 individuals, including all of the plaintiffs in the instant case, consented to join the litigation.

On April 29, 2013, however, the Court granted a motion by NVR to decertify *Tracy* as a collective action, and denied a motion by the *Tracy* plaintiffs to certify a class action under Fed. R. Civ. Proc. 23. (Dkt. #716). *See Tracy v. NVR, Inc.*, 2013 U.S. Dist. LEXIS 62407 (W.D.N.Y. 2013). The Court determined that based on the evidence submitted, there was insufficient commonality of issues of law and/or fact between the various *Tracy* plaintiffs to permit the case to proceed as an FLSA collective action or to certify it as a class action pursuant to Fed. R. Civ. Proc. 23, and the claims of the opt-in plaintiffs, including all of the plaintiffs in the instant case, were dismissed. *Id*.

*Tracy* proceeded solely upon the claims of the initial plaintiff, Patrick Tracy. The Court bifurcated the jury trial to first address whether the FLSA had been violated. If necessary, the question of whether the violation had been willful would have been decided. Trial proceeded before the jury from October 15-23, 2013. Following the close of proof, the jury returned a unanimous verdict in favor of NVR, finding that Tracy was an exempt outside salesperson, and therefore not entitled to overtime compensation. Judgment was entered in favor of NVR, and Tracy (along with the former opt-in plaintiffs, including all of the plaintiffs in the instant case) appealed the judgment, along with this Court's denial of Tracy's post-judgment motions for judgment as a matter of law, and the denial of the motion to compel production of evidence, to the Second Circuit Court of Appeals. (*Tracy*, 04-CV-6541 at Dkt. #801). That appeal remains pending, and is presently in its infancy, with the record still incomplete and no briefing having been undertaken.

It appears that the plaintiffs' choice to commence this action in Monroe County Supreme Court was part of a not very subtle effort to seek the same manner of collective relief they had sought in *Tracy* – something this Court found to be inappropriate for disposition on a collective basis – before a different court, in a different forum. Due to NVR's removal of the action here, plaintiffs now find themselves back in familiar territory, and have moved to stay any further proceedings before this Court until the Second Circuit has decided the *Tracy* appeal. (Dkt. #3). NVR opposes

that motion, and has cross moved to sever the claims of the plaintiffs in this case and proceed solely upon the claims of first-named plaintiff, Linda Anderson, on the grounds that plaintiffs' claims do not share the same factual genesis and will require different witnesses and evidence, and are therefore inappropriately joined under Fed. R. Civ. Proc. 20(a). (Dkt. #10). For the reasons discussed below, the motion to sever is granted, in part, and the motion to stay is granted to the extent that after the severed plaintiff has commenced a separate action, both action will be stayed.

## DISCUSSION

### I.  Plaintiffs' Motion to Stay

Plaintiffs have asked the Court to exercise its inherent power to stay all proceedings in this case – including resolution of NVR's motion to sever – until after the Second Circuit has ruled on the plaintiffs' pending appeal of the judgment and post-trial motions in *Tracy*.

While I decline to stay all proceedings prior to resolving defendant's motion to sever, I do conclude that a stay of this action (and the severed case) will serve the interests of the parties and the Court.

Specifically, it is possible that the Second Circuit's eventual disposition of the *Tracy* appeal will have an impact on the ultimate questions of law in this case, and may dispose of some of the issues presented entirely. As such, I find that staying the proceedings, following severance as discussed below, is appropriate.

### II.  NVR's Motion to Sever

Rule 20 of the Federal Rules of Civil Procedure permits the joinder of multiple plaintiffs in an action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. Proc.

20(a)(1). Although "[t]he requirements of Fed. R. Civ. P[roc]. 20(a) are to be interpreted liberally to enable to the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding, the requirements of the rule still must be met and constrain the Court's discretion." *Arroyo v. PHH Mortgage Corp.*, 2014 U.S. Dist. LEXIS 68534 at *6-*7 (E.D.N.Y. 2014) (quoting *Kalie v. Bank of Am. Corp.*, 2013 U.S. Dist. LEXIS 112677 at *11-*12 (S.D.N.Y. 2013). "If a court concludes that [parties] have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever [those] parties . . . from the action." *Kalie*, 2013 U.S. Dist. LEXIS 112677 at *10. *See State of N.Y. v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("[t]he decision whether to grant a severance motion is committed to the sound discretion of the trial court").

In determining whether claims arise out of the same transaction or occurrence for purposes of Rule 20(a), "courts look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie*, 2013 U.S. Dist. LEXIS 112677 at *11-*12 (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)). As such, in considering a motion to sever, factors commonly examined by district courts in this circuit include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present common issues of law or fact; (3) the effect of severance on the potential for settlement of the claims, and/or judicial economy; (4) whether severance would avoid prejudice to the parties; and (5) whether different witnesses and/or documentary proof are required for the separate claims. *See Erausquin v. Notz*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011).

Upon consideration of the relevant factors, I find that the interests of judicial economy and fairness will not be served by permitting the continued joinder of the plaintiffs' claims, because there is not a sufficient "logical connection" between "the essential facts of the various claims" brought by the plaintiffs. This conclusion, of course, mirrors what this Court determined when it decertified the collective action and denied class action treatment over a year ago in *Tracy*.

The gravamen of plaintiffs' claims is that NVR violated the FLSA by misclassifying its SMRs as exempt outside salespersons for the purposes of the FLSA, when in actuality, they were inside salespersons. The FLSA defines an outside salesperson as one who is "customarily and regularly engaged away from the employer's place or places of business" in performing his primary duty of making sales. 29 CFR 541.500. As such, the central issue in the case – the essential facts which must be "logically connected" if joinder is to advance judicial economy – will concern whether, how often and for how long the plaintiffs, who worked in a variety of different locations and had broad discretion with regard to the manner in which they spent their time, regularly left their employer's place of employment (in the context of SMRs, the model home to which they were assigned) to perform sales activities.[1]

Thus, as in *Tracy*, the question of whether the outside sales exemption applies to the plaintiffs cannot be answered on a collective basis, notwithstanding the fact that the plaintiffs worked for the same employer and shared the same job title. Determining whether each plaintiff was "customarily and regularly" engaged away from the employer's place of business in performing outside sales activities will require an individualized and fact-intensive analysis of each and every plaintiff's work experience, including their daily routines and habits, and preferred methods of procuring sales. The results of such an inquiry can be expected to vary widely, not only between individual salespersons and time periods, but also between groups of salespersons directed by different supervisors, salespersons stationed at different model homes, and/or salespersons trained at different locations or times by different persons. Facts concerning NVR's training and

---

[1] Plaintiffs urge that the essential "question of law or fact common" to the plaintiffs is their mutual subjection to NVR's policy and practice of classifying their jobs as exempt outside sales positions. However, in examining the elements that plaintiffs must prove to substantiate their claims, it is clear that in reality, "plaintiffs do not seek to prove a pattern or practice, but rather must prove claims *as to each plaintiff*." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258 at 264 (D. Conn. 2012) (granting motion to sever FLSA claims by employees in Home Depot stores who worked "in different states . . . under different circumstances") (emphasis added).

performance expectations for each plaintiff, which might have varied between locations, supervisors and time periods, will be of relevance as well.

Because the ultimate questions in the case will have to be determined separately for each plaintiff, remembering and assessing important factual discrepancies between 133 different persons in a single trial poses a significant danger of jury confusion. While the facts concerning some of the plaintiffs may be so similar that it ultimately proves both feasible and practical to join small groups of them together for purposes of trial, that is a question for another day.

Because deciding the plaintiffs' claims collectively would not serve the interests of judicial economy and would pose a substantial danger of jury confusion, I find that the plaintiffs' claims are not properly joined. Defendants' motion to sever the claims of all plaintiffs except for the first-named plaintiff, Linda Anderson (Dkt. #10), is granted, in the manner and to the extent set forth below.

## CONCLUSION

Based on the foregoing, the Court hereby:

GRANTS defendant's motion to sever plaintiff Linda Anderson, in part. Plaintiff Anderson is directed to file an Amended Complaint within twenty (20) days of entry of this Decision and Order with specifics as to her claims, in a new separate action with a new docket number (no new filing fee);

GRANTS plaintiffs' motion to stay, in part. Once the Amended Complaint is filed, mediation, discovery and further proceedings in that action, as well as the instant cases, are stayed to await resolution of the appeal to the Second Circuit in *Tracy v. NVR,* 04-CV-6541;

RESERVES on defendant's request to dismiss the claims of all other listed plaintiffs, pending a ruling from the Second Circuit on the direct appeal in *Tracy v. NVR,* 04-CV-6541;

RESERVES as to whether the claims of the remaining plaintiffs should be dismissed, or whether each plaintiff should be directed to file a separate Amended Complaint as to that plaintiff's specific claims and each party directed to pay the usual filing fee for commencement of an action.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 8, 2014.

.