UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THOMAS GORCZYCA,

                                Plaintiff,

                                                                DECISION AND ORDER

                                                                 13-CV-6351L

                     v.

NVR, INC.,

                                Defendant.
_____

      Plaintiff Thomas Gorczyca ("plaintiff") brings this action against his former employer, NVR, Inc. ("NVR") alleging that NVR failed to pay him overtime as required by the Fair Labor Standards Act and the New York Labor Law.

      NVR. now moves to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6), on the grounds that plaintiff's claims are barred by a Severance Agreement and Release (the "Release") executed by plaintiff on January 5, 2006 upon the termination of his employment. (Dkt. #31).

      In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), the Court's review is limited to the complaint, and those documents attached to the complaint or incorporated therein by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). The Court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d

Cir. 1994), *citing Ad-Hoc Comm. of the Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987).

Plaintiff has opposed the motion to dismiss, urging the Court to exclude the Release from its consideration because the Release is neither attached to the complaint nor referenced therein. The Release clearly extends beyond the four corners of the Complaint, and there is no indication that the Release was publicly filed, or that it is otherwise a proper subject of judicial notice. *See e.g.*, *Twine v. Four Unknown New York Police Officers*, 2012 U.S Dist. LEXIS 176048 at *7 (S.D.N.Y. 2012). Although plaintiff does not challenge the authenticity of the Release outright, arguing instead that it should be given no legal effect because waivers of claims under the FLSA and NYLL are unenforceable as a matter of law, plaintiff does claim that determination of the Release's enforceability would require the Court to examine and resolve multiple questions of fact. (Dkt. #34 at 9-10, 15-16).

Under the circumstances, and in the interest of judicial economy, the Court will convert the instant motion to one for summary judgment pursuant to Fed. R. Civ. Proc. 56, so that the validity and effect of the Release can be properly examined and the parties given a full and fair opportunity to present their arguments to the Court. Defendant must file its submissions in support of summary judgment within thirty (30) days of entry of this Order, and plaintiff must respond in opposition within twenty (20) days thereafter.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 14, 2016.