UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   FILED ELECTRONICALLY

THOMAS GORCZYCA,

                  Plaintiff,            No. 13-CV-06315 DGL

   - against -

NVR, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S LOCAL RULE 56 STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant NVR, Inc. ("Defendant" or "the Company") submits the following Statement of Material Facts in accordance with Local Rule 56(a).

1. Plaintiff Thomas Gorczyca ("Plaintiff") worked for NVR as a Sales and Marketing Representative ("SMR") in NVR's Buffalo Division from approximately January 1996 until December 2005. (Amended Complaint, Dkt. 29 ("Amend. Compl."), ¶ 10).

2. Plaintiff's responsibilities as an SMR involved selling new homes to NVR's customers to be constructed in communities that NVR developed with its business partners. (Declaration of Chad Rush ("Rush Decl."), at ¶ 4.)[1]

3. Plaintiff alleges in his Amended Complaint in this action that he was scheduled to work approximately thirty-five hours per week but typically worked more than forty hours in a given week. (Amend. Compl., ¶¶ 24, 26).

---

[1] The Declaration of Chad Rush is attached to Defendant's Appendix to Local Rule 56 Statement of Material Facts, filed contemporaneously herewith, as Exhibit 1.

4. Plaintiff was classified as an exempt outside salesman and thus was not paid overtime at an hourly rate for hours worked in excess of forty per week. (Amend. Compl. ¶¶ 32, 33).

5. Chad Rush has been the Division Manager for NVR's Buffalo Division since January 2005. (Rush Decl. at ¶ 2.)

6. At the time Mr. Rush became the Division Manager, Plaintiff was already an SMR in the Buffalo Division. (Rush Decl. at ¶ 2.)

7. As the Division Manager for the Buffalo Division, Mr. Rush had indirect supervisory authority over Plaintiff and was aware of Plaintiff's responsibilities and performance as an SMR. (Rush Decl. at ¶ 3.)

*Prior Litigation Involving Plaintiff's Overtime Claims*

8. On October 29, 2004, Patrick Tracy filed a putative class and collective action on behalf of SMRs who had worked for NVR asserting claims for overtime compensation under the Fair Labor Standards Act and New York Labor Law. *See* WDNY Docket No. 04-cv-06541, Dkt Entry 1.

9. As an active SMR, Plaintiff was among the individuals on behalf of whom Mr. Tracy purported to assert overtime claims under federal and New York law. *Id*.

*Negotiation of the Release Agreement*

10. On December 5, 2005, Mr. Rush issued a Performance Notice to Plaintiff. (Rush Decl. at ¶ 5.)

11. Plaintiff and Mr. Rush then began to discuss the separation of Plaintiff's employment from NVR pursuant to a severance agreement. (Rush Decl. at ¶ 5.)

12. The parties' negotiation of the Severance Agreement and Release took approximately three weeks.  (Rush Decl. at ¶ 6.)[2]

13. As part of negotiations, Plaintiff informed Mr. Rush that he had obtained counsel to review drafts of the agreement and would not sign an agreement until he had time to review it with his counsel.  (Rush Decl. at ¶ 6.)

14. Mr. Rush told Plaintiff that it would be fine for Plaintiff to review the agreement with his counsel and that Plaintiff could take whatever time he needed to meet with his counsel.  (Rush Decl. at ¶ 6.)

15. At the time Mr. Rush was negotiating the Severance Agreement and Release with Plaintiff, he was aware that Patrick Tracy had brought a lawsuit against NVR alleging that SMRs were improperly denied overtime compensation.  (Rush Decl. at ¶ 7.)

16. At the time the parties were negotiating the Severance Agreement and Release, Mr. Tracy's overtime lawsuit on behalf of SMRS was a topic of discussions among the SMRs in the Buffalo Division.  (Rush Decl. at ¶ 8.)

17. Mr. Rush's intent in offering the Severance Agreement and Release to Plaintiff was that Plaintiff would release all claims that he could have brought against NVR, which included the claims for denial of overtime compensation under the Fair Labor Standards Act and the New York Labor Law raised in Mr. Tracy's lawsuit.  (Rush Decl. at ¶ 9.)

18. Plaintiff's last day of employment with NVR was December 31, 2005.  (Rush Decl. at ¶ 3; Severance Agreement and Release, Recitals at 1.)

19. Mr. Rush signed the Severance Agreement and Release on behalf of Defendant on January 5, 2006.  (Rush Decl. at ¶ 3; Severance Agreement and Release at 3.)

---

[2] The Severance Agreement and Release is attached to Defendant's Appendix to Local Rule 56 Statement of Undisputed Facts, filed contemporaneously herewith, as Exhibit 2.

20. Plaintiff signed the Severance Agreement and Release on January 5, 2006. (Severance Agreement and Release at 3.)

21. Plaintiff had twenty-one (21) days to review and consider the Release and had seven (7) days to revoke the Release after signing it. (Severance Agreement and Release at 2.)

22. Plaintiff did not revoke the Release. (Rush Decl. at ¶ 10.)

23. The Release provided: **"Employee acknowledges that Employee has carefully read and fully understands the provisions of this Agreement and that Employee has signed this Agreement freely, knowingly and voluntarily."** (Severance Agreement and Release at 3) (emphasis in original).

24. Plaintiff filed his written consent in the <u>Tracy</u> matter on January 15, 2007. (Amend. Compl., ¶ 9, Ex. A).

Dated: November 14, 2016  Respectfully submitted,
SEYFARTH SHAW LLP

By /s/ Barry J. Miller

SEYFARTH SHAW LLP
Lorie E. Almon
620 8th Avenue, 32nd Floor
New York, New York 10018-1405
Phone: (212) 218-5500
Fax: (212) 218-5526
lalmon@seyfarth.com

Barry J. Miller
James M. Hlawek *(admitted pro hac vice)*
Two Seaport Lane, Suite 300
Boston, MA 02210
Phone: (617) 946-4800
Fax: (617) 946-4801
bmiller@seyfarth.com
jhlawek@seyfarth.com

4

Local Counsel:

WOODS OVIATT GILMAN LLP
William G. Bauer
700 Crossroads Bldg., 2 State Street
Rochester, NY 14614
(585) 987-2800
wbauer@woodsoviatt.com

*Attorneys for Defendant NVR, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on November 14, 2016, I electronically filed the foregoing Defendant's Local Rule 56 Statement of Material Facts in Support of Motion for Summary Judgment, which sent notification of such filing to the following counsel of record for Plaintiff:

J. Nelson Thomas  
Jessica Lukasiewicz  
Michael J. Lingle  
Sarah Born  
Thomas & Solomon LLP  
693 East Avenue  
Rochester, New York 14607  
(585) 272-0540  
nthomas@theemploymentattorneys.com  
jlukasiewicz@theemploymentattorneys.com  
mlingle@theemploymentattorneys.com  
sborn@theemploymentattorneys.com  

                                                By: /s/ Barry J. Miller  
                                                Barry J. Miller  
                                                Attorney for Defendant